**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-2120**

RUBY M. HOLIDAY,

              Plaintiff - Appellant,

        v.

NEW HANOVER COUNTY REGISTRAR OF DEEDS; REBECCA TUCKER SMITH,
in her individual capacity, and in her capacity as New
Hanover County Registrar of Deeds,

              Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  W. Earl Britt,
Senior District Judge.  (7:05-cv-00204-BR)

Submitted:  February 11, 2009          Decided:  March 13, 2009

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Angela Newell Gray, GRAY NEWELL, LLP, Greensboro, North
Carolina, for Appellant.  James R. Morgan, Jr., Mary Craven
Adams, WOMBLE CARLYLE SANDRIDGE & RICE, Winston-Salem, North
Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ruby Holiday filed the instant action against New Hanover County Registrar of Deeds Rebecca Tucker Smith, in her official and individual capacities, alleging violations of Title VII, 42 U.S.C. §§ 2000e to 2000e-17 (2000); N.C. Gen. Stat. § 143-422.2; and 42 U.S.C. § 1983 (2000), arising from Holiday's employment termination. The district court granted Smith's motion for summary judgment. We affirm.

We review a district court's order granting summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. See Nader v. Blair, 549 F.3d 953, 958 (4th Cir. 2008). Summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

To survive summary judgment, Holiday must come forth with either direct evidence of discrimination or establish a prima facie case of discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Holiday submitted no direct evidence of racial discrimination. To establish a prima facie case of discriminatory termination under Title VII, § 1983, or N.C. Gen. Stat. § 143-422.2, Holiday must show that: (1) she is a member of a protected class; (2) she was qualified for her job and performing at a satisfactory level; (3) she was

terminated; and (4) she was replaced by a similarly situated applicant outside her protected class. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993); Williams v. Cerberonics, Inc., 871 F.2d 452, 455 (4th Cir. 1989). Establishment of this prima facie case of discrimination "in effect creates a presumption that the employer unlawfully discriminated against the employee." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981). Where a plaintiff makes such a showing, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment action. McDonnell Douglas, 411 U.S. at 802. If the employer produces a legitimate reason for the action, the burden once again shifts to the plaintiff to show that the employer's rationale is just a pretext for discrimination. Id. at 804.

Here, it is not clear that Holiday established a prima facie case of discriminatory termination. Though both parties agree that Holiday is a member of a protected class, was terminated, and was replaced by someone not in her protected class, the parties differ as to whether Holiday was performing at a satisfactory level. Smith presented evidence that Holiday made slanderous statements about a co-worker's husband, abused attendance policies, engaged in insubordinate behavior, and repeatedly engaged in conversations of a personal nature, in violation of office policy.

3

Even assuming that Holiday was able to establish a prima facie case of discriminatory termination, however, Smith articulated ample legitimate, nondiscriminatory reasons for Holiday's termination. In so doing, Smith successfully rebutted any discriminatory presumptions raised by Holiday.

Though Holiday had "the full and fair opportunity to demonstrate . . . that the proffered reason[s] [were] not the true reason for the employment decision," Burdine, 450 U.S. at 256, she failed to do so. While Holiday contends "[s]he had no previous written reprimands or documented work performance issues," this assertion is belied by the record. Holiday further argues that Smith exhibited a "pattern and practice of disparate treatment toward black employees." However, evidence of systematic discrimination alone cannot prove the elements of a discrimination claim. See, e.g., Scarlett v. Seaboard Coast Line R. Co., 676 F.2d 1043, 1053 (5th Cir. Unit B 1982) (holding that one "proceeding as an individual under Title VII must prove the elements of a [discrimination] claim as set forth in McDonnell Douglas"). A plaintiff must provide evidence of discrimination she has personally experienced. Id. Holiday's unsubstantiated, conclusory allegations of racial animus are insufficient to survive a summary judgment motion. See, e.g., Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir.

4

2002) (noting that "[c]onclusory or speculative allegations do not suffice" to demonstrate a genuine issue of material fact).

Accordingly, we affirm the district court's order granting Smith's motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED